**United States District Court**
**Central District of California**

Anthony Guytan,

                            Plaintiff,

            v.

Swift Transportation Co. of

Arizona, LLC, et al.,

                            Defendants.

CV 17-00626-VAP (DTBx)

**Order Denying Plaintiff's Motion to Remand [Doc. No. 14] and Denying Defendants' Request for Sanctions [Doc. No. 18]**

On April 28, 2017, Plaintiff Anthony Guytan filed a motion to remand to California Superior Court for the County of San Bernardino. (Doc. No. 14.) On May 15, 2017, Defendants Swift Transportation Co. of Arizona, LLC, Swift Transportation Services, LLC, Swift Transportation Co., Inc., and Swift Transportation Company filed an opposition and requested sanctions against Plaintiff. (Doc. No. 18.) On May 22, 2017, Plaintiff filed a reply. (Doc. No. 19.)

This matter is appropriate for resolution without hearing pursuant to Local Rule 7-15 and will stand submitted on the papers timely filed. Having considered the papers filed in support of and in opposition to the motion, the Court DENIES Plaintiff's motion. In addition, the Court DENIES Defendants' request for sanctions.

# I. BACKGROUND

On February 7, 2017, Plaintiff filed a complaint in California Superior Court for the County of San Bernardino against Defendants Swift Transportation Co. of Arizona, LLC, Swift Transportation Services, LLC, Swift Transportation Co., Inc., Swift Transportation Company, and Does 1 through 100.  (Doc. No. 1-1.)  The complaint alleges several claims against Defendants, including violations of California's Fair Employment and Housing Act ("FEHA"), Family Rights Act, Labor Code, public policy, and common law.  (Id.)

On March 31, 2017, Defendants filed a notice of removal, which asserted that this Court has diversity jurisdiction over this matter because (1) Plaintiff is a citizen of California, the named Defendants are citizens of Delaware and Arizona, and Courts should disregard the citizenship of fictitious Defendants pursuant to 28 U.S.C. § 1441(a); and (2) the amount in controversy exceeds $75,000.  (Doc. No. 1.)  Plaintiff filed the present motion to remand on April 28, 2017.  (Doc. No. 14.)

## II.    MOTION TO REMAND

"A motion for remand lies where there is no diversity of citizenship, or the claim does not in fact 'arise under' federal law."  Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-10; Int'l Primate Prot. League v. Adm'rs of Tulane Ed. Fund, 500 U.S. 72, 87 (1991).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1069 (9th Cir. 2005). The burden of establishing jurisdiction rests on the Plaintiff as the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A party may invoke the Court's diversity jurisdiction, under 28 U.S.C. § 1332, in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." Id. For the purpose of establishing diversity jurisdiction, a corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1).

Courts should "strictly construe the removal statute against removal jurisdiction." Gaus, 980 F.2d at 566. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

### III.    DISCUSSION

**A.  Violation of Local Rule 7-3**

Under Local Rule 7–3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in

person, the substance of the contemplated motion and any potential resolution." L.R. 7–3 (emphasis in original). The conference "shall take place at least seven (7) days prior to the filing of the motion." Id. If a resolution cannot be reached, the moving party shall state in its notice of motion the date on which the conference of counsel under Local Rule 7–3 took place. Id.

Plaintiff's counsel did not meet and confer with defense counsel before filing his motion to remand. The Court could deny Plaintiff's motion for that reason alone. See, e.g., Singer v. Live Nation Worldwide, Inc., No. SACV 11-0427 DOC (MLGx), 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012); Superbalife, Int'l v. Powerpay, No. CV 08-5099 PSG, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008). Even if the Court considers the merits of Plaintiff's motion, his arguments fail to show he is entitled to remand.

## B. Diversity Jurisdiction

### 1. Diversity

Plaintiff's first argument is that Defendant Doe 1, a terminal manager, defeats diversity because he is not "a fictitious and unknown defendant." (Doc. No. 14 at 4.) Plaintiff contends that Doe 1 is not fictitious because Plaintiff knows Doe 1 is a terminal manager employed by Defendants and that he resides in California. (Id. at 4-5.) The reason he is listed as a "Doe" defendant is that "Plaintiff just does not remember his name." (Id. at 5.)

United States District Court
Central District of California

In 1988, Congress passed the Judicial Improvements and Access to Justice Act, which addressed "the issue of Doe defendants for purposes of diversity jurisdiction and remand." Luckett v. Dell, Inc., No. CV07-8283-GW (AGRx), 2009 WL 152703, at *4 (C.D. Cal. Jan. 16, 2009). Under that act, "28 U.S.C. § 1441 was amended to note that: 'For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.'" Id. The Ninth Circuit has since held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002) (citing 28 U.S.C. §§ 1441(a), 1447(e)); see also Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317-18 (M.D. Ala. 2004) (rejecting district court cases that considered the citizenship of fictitious defendants because those cases "predate[d] the 1988 amendment [to § 1441] . . . or incorrectly rel[ied] on pre-1988 law").

As Plaintiff has not moved to substitute Doe 1 for a named defendant, the Court must disregard Doe 1's citizenship for removal purposes. There is no evidence, therefore, to dispute that Defendants have established complete diversity for the purposes of removal; Plaintiff is a citizen of California and the named Defendants are citizens of Arizona and Delaware. (Doc. No. 1.)

### 2. Amount in Controversy

Plaintiff also argues that Defendants have not met their burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

"[I]n assessing the estimated amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." Sasso v. Noble Utah Long Beach, LLC, No. CV 14-09154-AB (AJWx), 2015 WL 898468 at *3 (C.D. Cal. Mar. 3, 2015) (citation omitted). "[I]f a defendant prepares a well-founded evidentiary record, a defendant's reasonable extrapolations from the plaintiff's allegations suffice to establish the amount in controversy, if unrebutted by the plaintiff." Tukay v. United Cont'l Holdings, Inc., No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (citation omitted).

Plaintiff's complaint alleges that he was earning an average of $1,011.11 per week at the time his employment ended. (Doc. No. 1 at 6.) That salary translates to approximately $52,500 per year. Plaintiff's complaint, which was filed in February 2017, does not state the date of his termination. (See generally Doc. No. 1-1.) This Court typically sets trial for at least one year after the filing of the complaint. Thus, even assuming that Plaintiff was terminated only days before he filed his complaint, Plaintiff could recover over $50,000 in damages related to lost wages.[1]

---

[1] Plaintiff contends that Defendants failed to address potential mitigation of damages through new employment. The Court, however, is unpersuaded by that argument. Plaintiff has failed to offer any evidence—or even

In addition, Plaintiff seeks emotional distress and punitive damages. To establish the emotional distress and punitive damages in controversy, "a defendant may introduce evidence of jury verdicts in other cases." <u>Sasso v. Noble Utah Long Beach, LLC</u>, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6. Defendants have submitted evidence of verdicts in similar cases awarding both emotional distress and punitive damages well over $75,000. (<u>See</u> Doc. No. 18 at 15-16.)

Finally, although "[t]here is a split of authority . . . regarding whether a district court may consider attorneys' fees in determining the amount in controversy," this Court is persuaded that "the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'" <u>Sasso</u>, 2015 WL 898468 at *5 (citing <u>Theis Research, Inc. v. Brown & Bain</u>, 400 F.3d 659, 662 (9th Cir. 2005)). The FEHA allows prevailing plaintiffs to recover attorneys' fees as a matter of right. Cal. Gov't Code § 12965(b). This Court has determined previously that "an appropriate and conservative estimate" for attorneys' fees in employment cases in this district "may reasonably be expected to equal at least $30,000." <u>Sasso</u>, 2015 WL 898468 at *6. Thus, even if this Court were to assume that Plaintiff would not be entitled to emotional distress or punitive damages, the amount in controversy exceeds $75,000 based on lost wages and attorneys' fees alone.

---

assert—that he actually mitigated his lost wages by obtaining a new job. If such evidence existed, it would be available readily to Plaintiff and should have been submitted to this Court along with Plaintiff's motion to remand.

For the foregoing reasons, this Court is persuaded that the amount in controversy exceeds $75,000.

**C.   Request for Sanctions**

Defendants request the Court sanction Plaintiff's counsel for its violation of Local Rule 7-3.  Defendants request a sanction in the amount of $2,500, which they contend is appropriate because it represents significantly less than the amount they incurred opposing Plaintiff's motion to remand.  Pursuant to Local Rule 83-7, this Court may impose monetary sanctions on an offending party or counsel for the violation or failure to conform to a Local Rule if the conduct was "willful, grossly negligent, or reckless" or, in the alternative, may order the payment of costs and attorneys' fees to opposing counsel if "the conduct rises to the level of bad faith and/or a willful disobedience of a court order."  L.R. 83-7.

Although Plaintiff's counsel's failure to contact defense counsel before filing the present motion was improper, Defendants have not established that it was willful, grossly negligent, or reckless.  Nor have they established that it was done in bad faith or in willful disobedience of a court order. Accordingly, the Court declines to grant Defendants' request for sanctions. The Court notes, however, that continued failure to abide by the local rules will result in sanctions in the future.

**IV.    CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiff's motion to remand and DENIES Defendants' request for sanctions.

8

**IT IS SO ORDERED.**

Dated:     6/1/17

_____
Virginia A. Phillips
Chief United States District Judge

United States District Court
Central District of California